UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
|     NANCY ANN BROWN ) | Case No. 07-11022-SSM |
| ) | Chapter 13 |
|               Debtor ) | |
| ) | |
| DORCHESTER TOWERS ASSOCIATES, ) | |
| LLC ) | |
| ) | |
|               Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| NANCY ANN BROWN *et al*. ) | |
| ) | |
|             Respondents ) | |

**MEMORANDUM OPINION AND ORDER
GRANTING LIMITED STAY PENDING APPEAL**

Before the court is the motion of the debtor, Nancy Ann Brown, for a stay pending appeal of this court's memorandum opinion and order of May 25, 2007, that granted her landlord, Dorchester Towers Associates, LLC, relief from the automatic stay to bring a state court action for possession of premises that the debtor and her family occupy under a defaulted lease. The landlord has filed a response opposing the motion.

The underlying facts are fully set forth in the memorandum opinion and order and need not be repeated in detail. Suffice it to state that in a prior chapter 7 case filed by the debtor and her husband, the debtor paid no rent at all, and the landlord was ultimately granted relief from the automatic stay in order to obtain possession of the property and to

1

assert a monetary claim for the fair rental value of the post-petition occupancy. Ten days after the debtor received her discharge, and only three hours before a scheduled trial of the state court eviction action, the debtor filed the current chapter 13 case. The landlord filed a motion for relief from the automatic stay, and the court, after considering all the circumstances, including the debtor's apparent financial inability to fund a confirmable plan and the fact that the lease under which the debtor occupied the premises ran only for another month in any event, granted the landlord relief from the automatic stay to pursue its action for possession, although not its monetary claim. The debtor filed a timely notice of appeal on June 1, 2007.

An order granting relief from the automatic stay is itself stayed for ten days from the entry of the order. Fed. R. Bankr. P. 4001(a)(3). The court has the power to grant a further stay pending disposition of an appeal. Fed. R. Bankr. P. 8005. Indeed, failure to obtain a stay pending appeal may be fatal to an appeal under the doctrine of equitable mootness if intervening rights have vested. *Farmers Bank v. Kittay (In re March)*, 988 F.2d 498, 499 (4th Cir. 1993). To obtain a stay pending appeal, a party "must show (1) that [it] will likely prevail on the merits of the appeal[;] (2) that [it] will suffer irreparable injury if the stay is denied[;] (3) that other parties will not be substantially harmed by the stay[;] and (4) that the public interest will be served by granting the stay." *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970); *In re Kent,* 145 B.R. 843 (Bankr. E.D. Va. 1991) (applying *Long*).

In this case, the public interest is not implicated, as the dispute is a purely private one between the debtor and her landlord (who is one of only two scheduled creditors in the case). The court further finds that, assuming the landlord receives on-going rent, the balance

of harms decidedly favors the debtor, as she is confined to a wheelchair and has experienced unexpected difficulty in finding another place to rent because of the effect the chapter 7 filing has had on her credit rating.  The real issue is the requirement that debtor show that she will likely prevail on the merits of the appeal.  As this court has previously observed, that requirement should not be too literally construed, as "it would be a rare judge who makes a ruling he or she thinks is 'likely' to be reversed on appeal." *Hoekstra v. Oak Cluster Community Cluster (In re Hoekstra)*, 268 B.R. 904, 906 (Bankr. E.D. Va. 2000).  Even so, judges are often required upon to rule on "questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation." *Blackwelder Furniture Co. v. Seilig Manufacturing Co.,* 550 F.2d 189, 195 (4th Cir. 1977) (articulating standard for granting preliminary injunction).  In such a situation, this court has concluded that "primary weight should be given to the balance of hardships.  Accordingly, as with a preliminary injunction, if the balance of hardships tips decidedly in favor of the appellant, the appellant need only show some reasonable likelihood of success on the merits." *Hoekstra*, 268 B.R. at 908.

     Even under this relaxed standard, however, the court is unable to find that there is a likelihood of success on the merits.  The grant or denial of a motion for relief from the automatic stay is generally reviewed for abuse of discretion, although if issues of law are involved, they are reviewed de novo, and factual findings are reviewed under a "clearly erroneous" standard.  The motion here did not raise any novel or disputed issues of law, and the only apparent error that could be urged on appeal is that this court struck the wrong balance when weighing "potential prejudice to the bankruptcy debtor's estate against the

hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992) (articulating standard of "cause" for relief from the automatic stay).[1]

Having considered all the circumstances, the court is unable to find that the standard for a stay pending final disposition of the appeal by the District Court have been met. Recognizing, however, that the District Court might view the matter differently, the court will grant a temporary stay—conditioned upon the debtor's tender of the June rent—through June 30, 2007, to give the debtor an opportunity to seek a further stay from the District Court.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion for stay pending appeal is granted in part, and otherwise denied. The effect of this court's memorandum opinion and order of May 25, 2007, granting relief from the automatic stay, is stayed through June 30, 2007, <u>conditioned</u> upon payment to the landlord, by cashier's check or certified check, of one month's rent in the amount of $1,895.00, not later than <u>June 6, 2007</u>.

---

[1] In the motion for stay pending appeal, the debtor suggests that the court gave too much weight to the debtor's apparent financial inability to fund a chapter 13 plan that would pay the landlord's rent claim because, the debtor argues, the landlord had represented at the relief from stay hearing in the prior case that "all" it wanted was possession, and that it was "not interested in back rent." Such a statement, however, must be viewed in the context of the relief the landlord was seeking in that case. Put another way, the court does not construe the statement made at the relief from stay hearing in the first case as a waiver of the landlord's claim for unpaid rent not discharged in the that case.

2. Acceptance and negotiation of the check for the June 2007 rent, as well as the previously-tendered check for the May 2007 rent, is without prejudice to the landlord and will not constitute a reinstatement of the lease or a waiver of existing defaults or of remedies otherwise available to the landlord.

3. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                        Stephen S. Mitchell
Alexandria, Virginia                    United States Bankruptcy Judge

Copies to:

Kermit A. Rosenberg, Esquire
Tighe Patton Armstrong Teasdale, PLLC
1747 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C.  20006-4604
Counsel for Dorchester Towers Associates, LLC

Nancy Ann Brown
2001 Columbia Pike
Apt. 502
Arlington, VA 22204
Debtor *pro se*

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee